juries received by the employee while performing services arising out of and in the course of the employer's trade, business or occupation and prevents the invoking of defenses used in a tort action. The statute abolished the defenses: (a) Assumption of risk, (b) Contributory negligence; and (c) Negligence of a fellow-servant; and, in respect to the abolishing of defenses, the right granted under the Workmen's Compensation Act becomes a gospel of humanity, a splendid psalm of life for the injured employee and his dependents.

The exceptions of no right or cause of action were properly maintained.

The judgment of the Court of Appeal is affirmed; plaintiffs' to pay all costs.

LE BLANC, J., recused.

**49 So.2d 854**

### Dutrell E. BAKER v. SUN OIL COMPANY et al.

#### No. 39562.

#### Dec. 11, 1950.

Elton A. Darsey, Houma, for intervener-applicant.

Nicholas Masters, New Orleans, for defendants-appellees.

MOISE, Justice.

For the reasons assigned in the cases of Thibodaux et al. v. Sun Oil Company et al., Baker v. Sun Oil Company et al., and Baker v. J. C. Chance Well Service, Inc., 218 La. 453, 49 So.2d 852 handed down this day the judgment appealed from is affirmed.

LE BLANC, J., recused.

**49 So.2d 855**

### Dutrell E. BAKER v. J. C. CHANCE WELL SERVICE, Inc.

#### No. 39564.

#### Dec. 11, 1950.

Elton A. Darsey, Houma, for intervener-applicant.

St. Clair Adams & Son, New Orleans, for defendants-appellees.

MOISE, Justice.

For the reasons assigned in the cases of Thibodaux et al. v. Sun Oil Company et al., Baker v. Sun Oil Company et al., and Baker v. J. C. Chance Well Service, Inc., 218 La. 453, 49 So.2d 852, handed down this day, the judgment appealed from is affirmed.

LE BLANC, J., recused.