MOISE, Justice.
 

 We granted writs herein to review the decision of the Court of Appeal, First Circuit, which affirmed judgments of the district court maintaining defendants’ exceptions of no right or cause of action and dismissing the plaintiffs’ suits. 40 So.2d 761.
 

 These suits were brought in tort. They arise out of an accident caused by the collapse of an oil derrick belonging to defendant Sun Oil Company, in which accident the husband of Mrs. Sylvia Adams Thibodaux, an employee of J. C. Chance Well Service, Inc., met his death, and Dutrell E. Baker, an employee of Houston Oil Field Material 'Co., Inc. was injured. The drilling or reworking of an oil well for the Sun Oil Company was being done by the J. C. Chance Well Service, Inc., and at the time of the accident Houston Oil Field Material Co. was “fishing out” drilling tools and implements which had been lost in the well during the drilling operations by Chance. The work was under the supervision of Baker.
 

 Exceptions of no right and no cause of action were filed in the suits by Thibodaux and .Baker against the Sun Oil Company, based on the contention that the rights of Mrs. Thibodaux, widow and natural tutrix of the minor children of decedent, and of Baker are governed exclusively by the provisions of the Workmen’s Compensation Act, No. 20 of 1914, as amended, Act No. 85 of 1926. In the Baker suit against Chance Well Service, the exceptions of no right and no cause of action are based on two contentions: First, that plaintiff’s exclusive remedy is under the Louisiana Workmen’s Compensation Act, and second, that defendant Chance’s employees were at the time of the accident the employees pro hac vice of Houston Oil Field Material Co. Inc., plaintiff Baker’s employer (Baker, as the fishing tool expert, was supervising Chance’s employees) and under the loaned. servant doctrine, defendant iChance is therefore not liable for their negligence, if any. However, this second ground was abandoned and it will not be considered by this Court.
 

 The question for decision is whether under the facts pleaded these actions are ones in tort or whether they come under the Workmen’s Compensation statute, the pertinent provisions of which read:
 

 Section 6: “That where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contract of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in
 
 *458
 
 the execution of the work or his dependent any compensation under this act which he would have been liable to' pay if that employee had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.”
 

 Section
 
 7: “ * *
 
 * and the payment or award of compensation hereunder shall not affect the claim or fight of action of such injured employee or his dependent against such third person, * *
 

 Section 34: “The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this act shall be exclusive of all other rights and remedies of such employee, jji #
 
 %
 
 »
 

 The Court of Appeal stated, in its opinion affirming the judgment of the district court herein, maintaining the exceptions, as follows, 40 So.2d at page
 
 766:
 

 “ * * * we have come to the conclusion that ‘the fishing’ for stuck or lost tools was a part of the business.of drilling an oil well, within the ‘trade, business or occupation’ of Sun Oil Company, Chance and Horneo. In other words, Sun Oil Company undertook to drill or rework the oil well in question; it contracted with Chance to do the work and it in turn subcontracted the part of ‘fishing’ for the lost or stuck tools in the well to Horneo, plaintiffs’ employer. For the reasons heretofore stated, we are firm in the opinion that Section 6, paragraph 1, and Section 34 of our compensation act apply and govern this suit.
 

 t- *
 
 * * * *
 

 “In so far as these three suits are concerned, liberally construing the provisions of the Act, we find that the relationship, existing at the time of the accident between the parties, was: employer, Sun Oil Company, contractor, ’Chance, and subcontractor, Homco, all engaged in the ‘trade, business (and) occupation’ of t'he Sun Oil 'Company, and plaintiffs as employees thereof. Therefore, quoad the plaintiffs in these suits, the defendants are not third persons in the contemplation of Section
 
 7,
 
 paragraph 1 of the Compensation Act. As stated supra, the sole remedy of the plaintiffs is for compensation under the Act.”
 

 It is plaintiffs’ contention that this finding of the Court of Appeal, First Circuit, is in conflict with the decision of the Court of Appeal, Second Circuit, in the case of Horrell et al. v. Gulf & Valley Cotton Oil Co., Inc., 15 La.App. 603, 131 So. 709, 712. An examination of that case discloses that there is no conflict between the principle
 
 *460
 
 ■of law therein invoked and that applied by the Court of Appeal in the instant case, for the reason that the facts in the two ■cases are not similar and each case required the application of the law specifically provided by the respective sections of . the statute. In the Horrell case, the manufacturing concern had contracted with an independent contractor for the repair and reconstruction work in its plant. The subcontractor’s son was working for him and was engaged in assisting in setting up certain brick work in the construction of one of the furnaces when he was fatally burned as a result of the explosion of a deodorizing tank. The repair and reconstruction work was strictly a special job and entirely unrelated to the principal’s business and was not a phase or part thereof. There, the Court held that Section 6 of the Workmen’s Compensation statute was not applicable because the contractor was not doing work which was part of the trade, business or occupation of the principal, stating:
 

 “It is, we believe, quite plain that a manufacturing concern, upon organization, 'may contract with an independent contractor for the erection of its factory building without retaining liability under the Compensation Act to employees of the independent contractor who undertakes the construction. It is no part of the trade, business, or occupation of the manufacturing concern to erect its factory building. Its business is to operate it after its erection.
 

 5}c # # *
 

 “If the principal may contract with the independent contractor for original construction, we see no reason why he may not contract for additional necessary construction, or reconstruction later on.
 
 If the work contracted for is within the category of operation, then, of course, it may not be contracted for except under the conditions imposed by section 6.”
 
 (Italics mine.)
 

 Here, the Sun Oil Company is engaged in the business of exploring for and producing oil. The drilling of wells, the reworking', if necessary, and the “fishing out” of well tools and implements which become stuck in the course of drilling the well are all interrelated and component parts, though different phases, of oil production. In other words, both Thibodaux and Baker were performing services in connection with work which was part of the business, trade and occupation of Sun Oil Company, or so closely related thereto as to become an integral part thereof. Therefore, the allegations of fact in the instant case clearly bring the matter 'within the rule of law provided in Section 6, Par. 1 of the Workmen’s 'Compensation statute as now ■ written.
 

 The Workmen’s Compensation statute 'prescribes in substance the liability of an employer to make compensation for in
 
 *462
 
 juries received by the employee while performing services arising out of and in thé course of the employer’s trade, business or occupation and prevents the invoking of defenses used in a tort action. The statute abolished the defenses: (a) Assumption of risk, (b) Contributory negligence; and (c) Negligence of a fellow-servant; and, in respect to the abolishing of defenses, the right granted under the Workmen’s Compensation Act becomes a gospel of humanity, a splendid psalm of life for the injured employee and his dependents;
 

 The exceptions of no right or cause of action were properly maintained.
 

 The judgment of the Court of Appeal is affirmed; plaintiffs’ to pay all costs.
 

 LE BLANC, J., recused.