TATE, Judge.
The District Court sustained an exception of no cause of action to this tort suit on the ground that plaintiff’s immediate employer was a subcontractor of defendant L. W. Eaton Co., Inc., and that plaintiff’s sole remedy therefore was for workmen’s compensation. Eaton’s liability insurer is a codefendant.
Plaintiff Sisk and a co-employee, Tidwell (plaintiff in a companion suit, Tidwell v. L. W. Eaton Co., La.App., 89 So.2d 424) were permanently crippled while working for Acoustics & Specialities, a New Orleans firm. They were paid full workmen’s compensation by their employer’s insurer.
This tragic accident occurred while Acoustics & Specialities was engaged in performance of a contract to supply and to install perforated tile at the Louisiana State University Coliseum.
*426 This contract was incidental to a major contract entered into by the University and L. W. Eaton Company, Inc. providing for the acoustical treatment of the Coliseum. Eaton was to receive $63,767 for all of the work under the contract. A subsequent contract executed by Eaton and plaintiff’s immediate employer, Acoustics and Specialties (hereinafter denoted as “Acoustics”), provided that the latter was to receive $8,-212 to supply and install the perforated tile required by Section 6 of the main contract.
LSA-R.S. 23:1032 provides that “The rights and remedies herein granted to an employee * * * entitled to [workmen’s] compensation under this Chapter •shall be exclusive of all other rights and remedies of such employee.”
The District Court sustained defendants-appellees’ contention that plaintiff has no cause in action in tort against the principal contractor, Eaton, because said principal contractor was primarily liable for workmen’s compensation to employees of a subcontractor (although having the right to recover from the subcontractor for compensation paid to the latter’s injured employees), LSA-R.S. 23:1061.[1] The Compensation Act provides the exclusive remedy for employees granted a right to recover thereunder, LSA-R.S. 23:1032. Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852.
Plaintiff urges that although his own employer and Eaton were both working under the same contract, yet the legal relationship was not that of principal-subcontractor within the meaning of the compensation act so as to exclude his recovery against the other employer for injuries sustained through negligence of the latter’s employees. Benoit v. Hunt Tool Co., 219 La. 380, 53 So.2d 137.
Plaintiff’s argument is based upon the provision in the general contract between the University and Eaton which provides that the installation of the perforated acoustical tile “Shall be made by an approved representative of the manufacturer, and shall be guaranteed by him for a period of two years after acceptance of this contract.” (Italics ours.)
The general contract provides that “unless otherwise specified, the contractor [i.e., Eaton] shall supply all labor, transportation, materials,” pertaining to the contract; although the general contract specifically recognizes the right of the principal contractor to sublet portions of the work.
Plaintiff reasons that by the clause in question Eaton specifically did not contract or undertake to perform the installation of the perforated acoustical tile, but instead simply contracted to get someone to perform this portion of the contract for the University. (And this installer was called upon to furnish a two year guarantee to *427 the University itself, whereas as to the rest of the contract the general contractor itself furnished a one year guarantee.) Thus, it is argued, Eaton was simply the agent of the University in securing an “approved representative”, and was not a principal contractor free to utilize a subcontractor of his own choosing to perform part of the principal’s work.
In short, plaintiff contends that Eaton did not contract to do the work, but to get someone to do the work; so that plaintiff was not injured in “work undertaken by the principal’1 or work which Eaton “had contracted to perform”, LSA-R.S. 23:1061, so as to entitle Eaton to immunity from tort suit by employees injured while engaged in such work.
Plaintiff points out that the basic statutory purpose of the liability of principals to employees of subcontractors is to afford full protection to all employees by preventing employers from evading the coverage of the compensation act by hiring irresponsible contractors or subcontractors to carry on a part of the employers’ work. See Malone, Louisiana Workmen’s Compensation Law, Section 121. Therefore, it is suggested, the provision is designed to apply only to situations where the principal might evade his compensation liabilities by interposing an insolvent or uninsured subcontractor to perform work which would normally be performed by the principals’ own employees; that is, work which the principal has contracted to perform himself — but not (as here) work which the principal has merely agreed to secure another to perform for the owner, and therefore work outside the normal compensation responsibility of the principal and outside the intendment of the statutory provision.
The purpose of the provision is to protect injured employees, and it is liberally interpreted to accomplish these aims. Plaintiff urges, however, that in the present situation the provision should be strictly construed since instead of protecting the rights of injured employees, it is used to limit them.
Plaintiff points out that Eaton received this immunity from tort suit as a gratuity, since Acoustic’s compensation insurer covered all the compensation liability involved; that where the subcontractor is solvent, the principal always receives this immunity from tort suit as a gratuity, since the statute gives the principal the right to indemnification from the subcontractor for amounts paid to employees of the latter by reason of compensation liability; that in States where the principal is liable only secondarily for compensation to employees of the subcontractor, then the subcontractor’s injured employees can recover in tort directly from the principal, except where the principal is actually liable in compensation due to the subcontractor’s failure to procure adequate insurance, citing Clark v. Monarch Engineering Co., 248 N.Y. 107, 161 N.E. 436; Corbett v. Starrett Bros., 105 N.J.L. 228, 143 A. 352; Trumbull Cliffs Furnace Co. v. Shachovsky, 111 Ohio St. 791, 146 N.E. 306; Anderson v. Sanderson & Porter, 8 Cir., 146 F.2d 58. Since the principal contractor in Louisiana thus enjoys an exemption from damage liability for which he pays no corresponding price, it is strongly argued by plaintiff that a principal contractor’s claim to tort immunity by reason of this statutory provision must be strictly construed, and does not extend to the present situation where Eaton did not contract to do the work itself in the performance of which plaintiff was injured.
We must confess there is considerable force to these arguments.
However, we feel that by the general contract Eaton engaged to perform all the work that was the subject thereof, either through itself or through subcontractors. The contract with the University was for a gross price which included all aspects of the work, including that performed by plaintiff’s employer, the Acoustics’ firm. *428 From the gross payment received by Eaton from the University, Eaton paid the price to Acoustics for the latter’s portion of the work, as arrived at by independent (sub) contract between Eaton and Acoustics. The work done by Acoustics was an integrated portion of the gross contract.
Even if the term “approved representative of the manufacturer” means that the University reserved the right to approve the subcontractor selected by Eaton to perform this portion of the contract (rather than meaning “approved” by the manufacturer of the acoustical tile used, similar to the contract’s requirement that “skilled” employees be utilized; or rather than merely restricting Eaton’s right to select subcontractors to a certain class, such as to '“registered optometrists” or to “licensed plumbers” or to “bonded termite control firms”), we are unable to agree that this reservation under all the circumstances of this case would constitute Acoustics a direct contractor rather than a' subcontractor of ■the University. We feel that Acoustics was ■engaged as a subcontractor by Eaton to perform a part of the work the latter had contracted to do, and Eaton was therefore liable in compensation exclusively to Acoustics’ employees, LSA-R.S. 23:1061, 23:1032; Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852.
As did the District Court and counsel for .defendants-appellees, we feel impelled to express our admiration for the unusually eloquent and scholarly brief presented by counsel for plaintiff-appellant in persuasive support of its argument that the Compensation Act does not bar this suit in tort. But while paying tribute to counsel’s skill in elucidating sound and logical reasons why the compensation act should not be restrictively interpreted so as to deprive an injured employee of his suit in tort against the principal contractor of the employee’s master, we are nevertheless unable to agree that there is a fundamental distinction between the relationship of the present principal contractor and present subcontractor, and that of any other contractor and subcontractor.
We also wish to commend likewise counsel for defendant for eloquent and scholarly brief.
For the above and foregoing reasons, the judgment of the District Court dismissing plaintiff’s suit on an exception of no cause of action is affirmed.
Affirmed.

. “§ 1061. Principal contractors ; liability “Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee ■employed in the execution of the work or to hip dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and whore compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
“Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.”