FRUGÉ, Judge.
This is a suit in workmen’s compensation and tort. Plaintiff brought suit against his employer’s workmen’s compensation insurer, Argonaut Insurance Company for workmen’s compensation benefits, and also brought a suit in tort against Highland Insurance Company, liability insurer of Petroleum Distributing Company, owner and operator of the wharf upon which plaintiff was injured. Argonaut assumed the position of an intervenor and reconvened with a third party claim against Highland. By two subsequent amendments plaintiff joined his employer, Cameron Construction and its officers, Charles A. Rogers, Brax-ton Blake, Jr., and Mrs. Roberta Rogers in the tort suit.
Plaintiff has appealed from the judgment granting him workmen’s compensation for 39 weeks and dismissing the suit as to the other parties. We amend and affirm.
Petroleum Distributing Corporation had subcontracted some maintenance work on its business premises to Cameron Construction Company. This work principally involved the laying of a water pipeline and a gas pipeline out onto the wharf used by Petroleum. Plaintiff was engaged in carrying a section of galvanized four-inch pipe out onto the wharf with a co-helper when he stepped through a hole in the wharf where a plank was missing. He was injured when the pipe fell on his wrist. There is no contest as to the actual occurrence of an accident.
The injury to the wrist resulted in a condition diagnosed as a traumatic tenosyn-ovitis. This condition further developed into a symptom diagnosed as carpal tunnel syndrome, a condition which had to be relieved by surgery. Surgery was scheduled on the 2nd of April, 1969. However, it was not performed because the hospital discharged the plaintiff after failing to obtain insurance authorization for the operation. Demand was made upon Cameron Construction Company’s workmen’s compensation insurer, Argonaut Southwest Insurance Company for medical coverage of the operation. Argonaut Insurance Company authorized the operation by letter on August 8, 1969. The trial judge concluded that there was no good reason why plaintiff should not have undergone the operation within at least one month after this letter was issued. He concluded that the *709 surgery could have been scheduled by at least September 5, 1969, and further concluded that full recovery would have been achieved around October 16, 1969. He gave workmen’s compensation through that date for a total of 39 weeks for compensation.
We are of the opinion that this conclusion was in error and had no basis in the compensation statute. The evidence clearly establishes that during part of the period after 2 April, 1969, plaintiff was suffering from another ailment and could not reasonably undergo surgery. There was no reason on his part why he could not have undergone surgery on April 2nd, 1969. He presented himself to the hospital for surgery and there is no evidence that he was at any time resistant to undergoing the corrective surgery, and it cannot be concluded that he should be deprived of workmen’s compensation benefits which are established under the statute. Workmen’s compensation benefits should be awarded to him from the 17th of January, 1969, to the 11th of August, 1970, the date that he was discharged as fully recovered by Dr. Hatchette. Cf. Hamilton v. New Amsterdam Casualty Company, 208 So.2d 158 (La.App. 4th Cir., 1968) ; Castile v. H. E. Wiese, Inc., 231 So.2d 406 (La.App. 1st Cir., 1970).
Plaintiff has failed to show that Argonaut was in bad faith and is not entitled to penalties or attorney fees pursuant to R.S. 23:1201.2.
To the suit as couched in tort, Highland Insurance Company has sought to avail itself of the status of a “statutory employer” under LSA-R.S. 23:1061 and maintains that plaintiff’s exclusive remedy against it is workmen’s compensation. We think that the evidence establishes that Cameron Construction Company was engaged to do work which was a part of the “trade, business, or occupation” of Petroleum. The work contracted by Cameron was for the same kind of work Petroleum was engaged in, or was work normally done by Petroleum employees. Since plaintiff could have availed himself to the benefits of LSA-R.S. 23:1061, it necessarily follows that the principal contractor can claim the exclusiveness of that remedy as to the employee. Thibodaux v. Sun Oil Company, 40 So.2d 761 (La.App. 1st Cir., 1949); affd. 218 La. 453, 49 So.2d 852 (1950); and Dandridge v. Fidelity & Casualty Company, 192 So. 887 (La.App. 2nd Cir., 1939).
As to the tort suit against the officers and directors of Cameron Construction Company, there is absolutely no evidence establishing individual negligence on their part, and the trial judge was correct in dismissing the suit as to them.
For the reasons herein set out, the judgment appealed from is amended and recast to read as follows:
It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Robert L. LeBlanc, and against defendant, Argonaut Southwest Insurance Company, for workmen’s compensation at the rate of $45.00 per week for a period of 81 weeks, beginning January 17, 1969, through August 11, 1970, with legal interest on each past due installment from due date until paid and subject to a credit for all compensation paid by defendant.
Except as herein amended, the judgment appealed from is affirmed. The costs of this appeal are assessed to appellee, Argonaut Southwest Insurance Company.
Amended and affirmed.