SUMMERS, Justice
(dissenting).
I agree with those expressions of the-majority opinion that the injured employee-of the contractor does not have two causes of action against the principal, one for compensation and the other in tort. Under the Workmen’s Compensation Act and the-jurisprudence of this State, the exclusive-remedy of the employees of the contractor- *576 .against the principal is for workmen’s compensation, and there is no remedy in tort against the principal.
However, I would not disturb the findings of the trial judge and the court of appeal on the issue of fact involved. See La.App., 254 So.2d 284. I would conclude that the relationship between Heebe and Wolf is that of principal and contractor, and plaintiff can only recover workmen’s compensation. Heebe is not a “third person” under the Act subject to an action in tort. There is no intimation whatsoever that the relationship between Heebe and Wolf was designed solely to circumvent tort liability. When such a case is presented those facts will readily warrant the imposition of tort liability against the “third party”. Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852 (1950); Guillory v. Farrar, 182 So.2d 158 (La.App.1966); Cerie v. Malone, 125 So.2d 254 (La.App.1960).
I respectfully dissent.