636 So.2d 922 (1994)
Roy and Tammy PICARD
v.
ZEIT EXPLORATION CO., INC.
No. CW 92 2242.
Court of Appeal of Louisiana, First Circuit.
March 11, 1994.
Rehearing Denied May 18, 1994.
*923 Ronald A. Johnson, Edward S. Johnson, Johnson, Johnson, Barrios & Yacoubian, New Orleans, for defendant-appellant Zeit Exploration Co., Inc.
Bob F. Wright, James H. Domengeaux, Domengeaux, Wright, Moroux & Roy, Lafayette, for plaintiff-appellee Roy and Tammy Picard.
Michael E. Parker, Allen, Gooch, Bourgeois, Breaux, Robison & Theunissen, Lafayette, for intervenors Security Life Ins. Co., et al.
Ann L. Schlaak, Boehm & Associates, Alameda, CA, for lien claimant-third party Adm'rs "Fund".
Janice M. Church, Bell, Cooper & Hyman, Baton Rouge, for amicus curiae.
*924 Before CARTER, GONZALES and WHIPPLE, JJ.
WHIPPLE, Judge.
This case is before us on application for writ of review filed by Zeit Exploration Company, Inc., seeking review of the trial court's denial of Zeit's motion for summary judgment in which Zeit contended it was plaintiff's statutory employer.
The central issue presented in this case is whether the 1989 amendment to LSA-R.S. 23:1061, applicable at the time of plaintiff's alleged injury, overruled Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986), and mandated a return to the "integral relation" test formulated in Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852 (1950).

FACTS AND PROCEDURAL HISTORY
Zeit is a company engaged in the business of exploration and production of oil and gas. These business activities necessarily require the maintenance of adequate oil storage facilities. Zeit owned a 1000-barrel oil storage tank at the East Lake Palourde Field, which it intended to use to accommodate production at that site. Zeit contracted with Sea-Lar Management Company (Sea-Lar) to oversee Zeit's operations at the East Lake Palourde Field on its behalf, and Sea-Lar discovered that the 1000-barrel tank was leaking. Sea-Lar then contracted with Cleve Frederick & Son Tank Company, Inc. (Cleve Frederick), a company which engaged in repairing oil storage tanks, for the repair of the storage tank.
On June 2, 1990, Roy Picard, while working as a crew member for Cleve Frederick, allegedly sustained bodily injury due to exposure to toxic substances in the storage tank, during the process of cleaning the storage tank before making repairs.
Picard and his wife, Tammy, filed suit against Zeit and Sea-Lar, seeking damages in tort. Cleve Frederick and Security Life Insurance Company (Security) intervened to recover worker's compensation benefits paid and/or owed to Picard.
Thereafter, Zeit filed a motion for summary judgment, contending it was entitled to be dismissed from the tort case on the basis that it was Picard's statutory employer, and therefore, his exclusive remedy against Zeit was a claim for worker's compensation benefits.
The trial court denied Zeit's motion for summary judgment on the basis that the 1989 amendment to LSA-R.S. 23:1061 had not totally eliminated the jurisprudential test set forth in Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986). Instead, the trial court concluded that the Berry factors were still relevant to the determination of whether a principal was a statutory employer, with no single factor being determinative. While noting that the work being performed in this case was integrally related to Zeit's business, the trial court concluded that applying the Berry factors to the instant case did not lead to the conclusion that Zeit was Picard's statutory employer. Thus, the trial court denied the motion for summary judgment.

SUMMARY JUDGMENT
Generally, a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26, 27 (La.1982). The burden is upon the mover for summary judgment to show that no genuine issue as to a material fact exists, and only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of Lake Regional Medical Center, 574 So.2d 381, 384 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991).
Summary judgments are not favored, and any reasonable doubt should be resolved against the mover. In determining whether all material issues have in fact been disposed of, any reasonable doubt is to be resolved against the granting of summary judgment and in favor of trial on the merits. Penalber v. Blount, 550 So.2d 577, 583 (La. 1989); Sanders v. Hercules Sheet Metal, *925 Inc., 385 So.2d 772, 775 (La.1980). Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Duncan v. Balcor Property Management, Inc., 615 So.2d 985, 988 (La. App. 1st Cir.), writ denied, 617 So.2d 936 (La.1993).
Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts in determining whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991).

STATUTORY EMPLOYER IMMUNITY
Louisiana Revised Statute 23:1061 obligates a principal to pay worker's compensation benefits to the injured employee of its contractor. Prior to amendment in 1989, the statute stated, in pertinent part, as follows:
Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work ... any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him....
In such instances, the principal is commonly referred to as the "statutory employer." In exchange for the worker's compensation responsibility placed on statutory employers, these principals enjoy tort immunity for work-related injuries suffered by the employees of the principal's contractors. LSA-R.S. 23:1032. Thus, a finding that the work being performed by the injured employee was a part of the principal's trade, business or occupation results in a finding of statutory employer status and tort immunity.
The Louisiana Supreme Court in Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852 (1950), established a test, known as the "integral relation" test, for determining whether the work performed by an employee was part of the principal's trade, business or occupation. Pursuant to the integral relation test, the principal was granted tort immunity if the injured employee was performing services "in connection with work which was part of the business, trade and occupation of [the principal], or so closely related thereto as to become an integral part thereof." Thibodaux, 49 So.2d at 854. Application of the integral relation test rarely led to a finding that the work being done was not a part of the principal's business. Wex S. Malone & H. Alston Johnson, III, 14 Louisiana Civil Law TreatiseWorker's Compensation § 364, at 146-148 (2d ed. 1980).
In 1986, dissatisfied with the expansion of tort immunity produced by the integral relation test, the Louisiana Supreme Court, in Berry v. Holston Well Service, Inc., 488 So.2d 934, 937-938 (La.1986), abandoned the integral relation test and set forth a more restrictive test for determining statutory employer status. The court set forth several factors to be considered in this determination, which can be summarized as follows:
(1) Is the contract work specialized or non-specialized? If the work is specialized per se, the work is not a part of the principal's trade, business or occupation, as a matter of law.
(2) If non-specialized, is the contract work comparable to the principal's trade, business or occupation? In making this determination, the following inquiries should be made:
a. Is the work routine and customary, regular and predictable, nonrecurring or extraordinary construction and repairs, or general maintenance and repair work?
b. Does the principal have the equipment and/or manpower capable of performing the work?
c. What is the industry practice concerning performance of the work at issue?

*926 (3) Was the principal actually engaged in the work at the time of the alleged injury?
Berry, 488 So.2d at 938.
While first set forth in a clear, comprehensive manner in the Berry decision, the Berry factors were not new, but rather represented a culmination of the gradual shift in the jurisprudence away from the expansive integral relation test. Berry, 488 So.2d at 937-938.
In 1989, the Louisiana legislature amended LSA-R.S. 23:1061, effective January 1, 1990, and specifically addressed the language in Berry which formed the basis of the three tier test. The amendment added the following sentence:
The fact that work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal's direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal's trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.
LSA-R.S. 23:1061 (as amended by Acts 1989, No. 454, § 3) (emphasis added).
Because the amendment is applicable to the instant case (as the injuries alleged herein occurred after the act's effective date), we must determine the effect of this amendment and address its application to the facts herein.

EFFECT OF THE 1989 AMENDMENT
In concluding that the 1989 amendment to LSA-R.S. 23:1061, did not completely overrule Berry, the trial court herein stated:
This Court, sitting as a district court, cannot find that the Legislature, in enacting the 1989 amendment, intended such a drastic result as a return to the "integral relationship" test in the absence of a more explicit expression of that legislative intent. The language which was added by Act 1989 No. 454, Section 3, as Judge Politz points out in Pierce, was certainly designed to "broaden the reach of the statutory employee designation." Pierce v. Hobart Corp., 939 F.2d 1305, 1307 (5th Cir.1991). However, as Judge Politz and Professor Johnson point out, the amendment merely appears to reject the "determinative nature" of the "Berry factors." Rather, the "Berry factors" are simply to be considered with no single factor being determinative in deciding whether the principal should be liable under the Act to provide worker's compensation to an injured employee, and thus be able to claim the tort immunity provided by the Act. See Johnson, Worker's Compensation, 50 La.L.Rev. 391 (1989) (cited in Pierce, above).
However, as this Court stated, in determining that the 1989 amendment to LSA-R.S. 23:1061 was to be given prospective application only:
The 1989 amendment broadened the reach of the statutory employment language contained in section 1061. It legislatively overruled the case of Berry v. Holston Well Service, Inc., 488 So.2d 934 (La. 1986), in which the Supreme Court set forth the test for determining statutory employment. By overruling Berry, the amendment effectively returned the courts to a more liberal standard of tort immunity....
Frith v. American Motorists Insurance Company, 613 So.2d 249, 251 (La.App. 1st Cir.1992), writ denied, 617 So.2d 932 (La. 1993).
Other Louisiana appellate courts, in addressing the retro-activity of the amendment, have similarly concluded that the amendment overruled Berry. See Young v. Lyons Petroleum, Inc., 598 So.2d 702, 706 (La.App. 3rd Cir.), writs denied, 605 So.2d 1149, 1150 (La.1992); Bourgeois v. Puerto Rican Marine Management, Inc., 589 So.2d 1226, 1231, n. 1 (La.App. 4th Cir.1991), writs denied, 592 So.2d 1299, 1300 (La.1992). Moreover, other Louisiana courts of appeal have determined that in overruling Berry, the appropriate standard for determining statutory employer status is the integral relation test. Hanks v. Shell Oil Co., 631 So.2d *927 1189 (La.App. 5th Cir.1994); Moore v. Crystal Oil Company, 626 So.2d 792, 796 (La. App. 2nd Cir.1993).
In Moore, the Second Circuit Court of Appeal specifically addressed the effect of the amendment, in applying the amendment to a case involving a post-amendment accident. In affirming the lower court's granting of the defendants' motion for summary judgment, the Second Circuit concluded that the factors enunciated in Berry are no longer the appropriate test for determining statutory employer status and that the current criteria for making this determination is the integral relation test of Thibodaux. Moore, 626 So.2d at 796.
Similarly, federal courts sitting in diversity have also held that the amendment rejected the approach articulated in Berry, thereby returning to the integral relation test. See Salsbury v. Hood Industries, Inc., 982 F.2d 912 (5th Cir.1993); Maddox v. Baker Oil Tools, Inc., 774 F.Supp. 419 (E.D.La.1991).
We agree with our colleagues on the Second Circuit Court of Appeal that in overruling Berry, the amendment to LSA-R.S. 23:1061 resurrected the integral relation test. As discussed above, the Louisiana Supreme Court in Berry unequivocally abandoned the integral relation test because of the expansive immunity allowed to principals under its application. The Court then set out the factors it deemed relevant to this determination. Berry, 488 So.2d at 937-938. Three years later, the Legislature specifically addressed the language of the Berry test, negating the factors set forth therein. The added language states that these factors shall not prevent a finding that the work is part of the principal's trade, business or occupation. The word "shall" is mandatory, and its use in the amendment demonstrates the mandatory nature of the Legislature's prohibition against the use of the Berry factors to prevent a finding of statutory employer status. LSA-R.S. 1:3.
Because the test that preceded Berry for determining statutory employer status was the integral relation test, it logically follows that overruling the Berry test returns the status of the law to the integral relation test. See Carter v. Chevron Chemical Company, 593 So.2d 942 (La.App. 4th Cir.), writ denied, 596 So.2d 211 (La.1992).
Moreover, we cannot accept respondents' argument that the 1989 amendment was merely an attempt to "water down" Berry and that the Berry factors are still relevant to the consideration of statutory employer status. In Moore, the Second Circuit Court of Appeal rejected this argument, stating:
We are also unimpressed with the appellants' argument that the factors of Berry are still important even if the Berry case itself was legislatively overruled. The 1989 amendment clearly rejected those factors. In Salsbury, 982 F.2d at 916, the Fifth Circuit stated:
The 1989 amendment provides that the Berry factors (such as specialization) "shall not prevent" a principal from being considered a statutory employer. This means that the factors listed in the amendment cannot be used by themselves or in combination with other factors to defeat [statutory] employer status.
To summarize, in cases where the injury occurred on or after January 1, 1990, the following factors may no longer operate to preclude a finding of statutory employer status: (1) whether the work is specialized or nonspecialized; (2) whether the work is extraordinary construction or simple maintenance; (3) whether the work is usually done by contract or by the principal's direct employee; (4) whether the work is routine or unpredictable; (5) whether the principal is capable of performing the work; and (6) whether the principal was actually engaged in the contract work at the time of injury.
Moore, 626 So.2d at 796 (quoting Salsbury, 982 F.2d at 916.)[2]
*928 Thus, we conclude that the pertinent inquiry in determining whether Zeit was the statutory employer of Picard is whether the work being performed was "part of the business, trade or occupation of [Zeit], or so closely related thereto as to become an integral part thereof." Thibodaux, 49 So.2d at 854.

APPLICATION OF THE INTEGRAL RELATION TEST
Zeit engages in oil exploration and production activities, which necessarily includes the storage of oil produced in oil storage tanks. The 1000-barrel oil storage tank, which Picard was engaged in cleaning and repairing at the time of the alleged injury, was used by Zeit to accommodate production at the East Lake Palourde Field. Cleve Frederick, Picard's employer, was hired to perform repair work on the tank for Zeit to place the tank back in operation.
As stated by John Collins, production superintendent for Sea-Lar, repair of the oil storage tank at the East Lake Palourde Field was necessary for the future operation of that field. Clearly, maintenance and repair of storage facilities in the field bears directly on Zeit's ability to accommodate production and to continue production efforts in an unrestricted manner.
Considering these facts, we conclude that the cleaning and repairing of the oil storage tank was integrally related to Zeit's business of exploration and production of gas. Therefore, as the statutory employer of Roy Picard, Zeit was entitled to summary judgment recognizing its immunity from plaintiffs' tort claims.

CONCLUSION
Based upon the foregoing, the writ application of Zeit Exploration Company, Inc. is granted. The November 25, 1992 judgment of the trial court, denying Zeit's motion for summary judgment, is hereby reversed. Judgment is hereby rendered in favor of Zeit Exploration Company, Inc., dismissing, with prejudice, plaintiffs' tort suit against Zeit Exploration Company, Inc.
WRIT GRANTED; REVERSED AND RENDERED.
NOTES
[2] We also disagree with respondents' contention that the Legislature "made a nullifying mistake" when it amended § 1061, rather than § 1032, which is the section that actually grants tort immunity. In applying tort immunity to statutory employers, courts have always read LSA-R.S. 23:1032 and 23:1061 together. See Carter, 593 So.2d at 944 n. 1; Moore, 626 So.2d at 796.