649 So.2d 983 (1994)
Oniel James FAVRON and Linda S. Favron, Individually and as Administrators of the Estates of Their Minor Children, Oniel James Favron, III and Darnell Favron
v.
GULF STATES UTILITIES COMPANY, Stone & Webster Engineering Corporation, River Parish Maintenance, Inc. and XYZ Corporation.
No. 93 CA 1603.
Court of Appeal of Louisiana, First Circuit.
November 23, 1994.
*984 Emmett J. Boudreaux, Robert Hoover, Baton Rouge, for plaintiffs-appellants Oniel James Favron, et al.
Albert Dale Clary, Baton Rouge, for defendant-appellee Gulf States Utilities Co.
J. Alan Jordan, Baton Rouge, for intervenor-appellant Industrial Indem. Ins. Co.
Before EDWARDS, SHORTESS, FOIL, PITCHER and PARRO, JJ.
PITCHER, Judge.
Plaintiffs and intervenor appeal from the grant of a motion for summary judgment in favor of defendant, Gulf States Utilities Company (GSU) sustaining the statutory employer defense. For reasons assigned below, we reverse and remand.

FACTS
GSU is in the business of manufacturing and producing electricity for sale. GSU entered into a contract with the Bechtel Construction Corporation (Bechtel) for the inspection, maintenance, and repair of the main turbine-generator at GSU's River Bend Nuclear Plant during a scheduled refueling outage. GSU does its own day-to-day maintenance of the turbine-generator with the assistance of Stone and Webster Engineering Corporation, the company who installed the equipment. The turbine-generator is shut down approximately every eighteen months because the reactor runs out of fuel and with no fuel, the reactor produces no electricity. Thus, GSU produces no electricity while the turbine-generator is shut down. Major repair work on the turbine-generator can only be done during these outages because of the risk of radiation exposure. There had been four previous outages since 1986 and during each outage, the turbine-generator work had been done by an outside contractor.
Bechtel employees were receiving general safety training in preparation for turbine-generator work in the reactor area where radiation and other safety hazards may be present. The training took place in an office building located at the River Bend plant, but outside of the protected reactor area. On September 26, 1990, Oniel James Favron, an employee of Bechtel, was injured when he slipped and fell down the outside stairs of the office building after leaving a training meeting. As a result of this fall, Favron allegedly sustained disabling injuries to his back, neck, legs, and other parts of his body.
Plaintiffs, Oniel James and Linda Favron, individually and as administrators of the estates of their minor children, Oniel James Favron, III and Darnel Favron, filed suit against GSU seeking damages in tort.[1] Industrial Indemnity Insurance Company (Industrial) intervened to recover workers' compensation benefits paid and still owed to Favron on behalf of Bechtel.
GSU filed a motion for summary judgment asserting that GSU, as the statutory employer of Favron, was immune from tort liability. The trial court granted GSU's motion for summary judgment, finding Favron to be a statutory employee of GSU because the contract work to be performed by Bechtel was an integral part of the trade, business, or occupation of GSU.
From this adverse judgment, plaintiffs and Industrial have appealed, setting forth the following assignments of error for our review:
1.
The trial court erred in failing to find that there are genuine issues of material fact which preclude summary judgment.
2.
The trial court erred in finding that the defendant is entitled to summary judgment "as a matter of law."

*985 3.
The trial court erred in failing to find that the 1989 amendment to LSA-R.S. 23:1061 is unconstitutional under the United States Constitution or the Louisiana Constitution of 1974.

ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, Favron complains that the trial court erred by granting the motion for summary judgment because there are genuine issues of material fact. Favron contends that at the very least, issues of fact remain as to whether the turbine-generator work was a part of GSU's trade, business or occupation. GSU, on the other hand, contends that the trial court was correct in finding that the 1989 amendment to LSA-R.S. 23:1061 reinstated the integral relation test under Thibodaux v. Sun Oil, 218 La. 453, 49 So.2d 852 (1950). GSU further contends that the contract work in the instant case was integrally related to its trade, business, or occupation and summary judgment was proper.
It is well settled that the granting of a summary judgment is proper only when the pleadings, depositions, answers to the interrogatories and admissions on file, together with affidavits, if any, establish that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Caballero Planting Co., Inc. v. Hymel, 597 So.2d 35, 37 (La.App. 1st Cir.1992); Insley v. Titan Insurance Company, 589 So.2d 10, 13 (La.App. 1st Cir.1991). The burden is upon the mover for summary judgment to show that no genuine issue as to a material fact exists, and only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d 381, 384 (La.App. 1st Cir. 1990), writ denied, 573 So.2d 1136 (La.1991).
Summary judgments are not favored, and any reasonable doubt should be resolved against the mover. In determining whether all material issues have in fact been disposed of, any reasonable doubt is to be resolved against the granting of summary judgment and in favor of trial on the merits. Penalber v. Blount, 550 So.2d 577, 583 (La. 1989); Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Duncan v. Balcor Property Management, Inc., 615 So.2d 985, 988 (La. App. 1st Cir.), writ denied, 617 So.2d 936 (La.1993).
Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts in determining whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991).
When a principal contracts with another to perform work for him that is part of the principal's trade, business or occupation, the principal is liable to pay workers' compensation benefits to any injured employee of the contractor. LSA-R.S. 23:1061[2]. In *986 exchange for the responsibility placed on the principals, or statutory employers, tort immunity for the work-related injuries suffered by the employees of the employer's contractors and subcontractors are provided to the employers. LSA-R.S. 23:1032[3]. Thus, a finding of statutory employment depends upon a determination that the contract work is considered a part of the principal's trade, business or occupation.
In the instant case, the trial court found the contract work of Bechtel to be an integral part of the trade, business, or occupation of GSU. In his written reasons for judgment, the trial court did an extensive analysis of the then reported cases interpreting LSA-R.S. 23:1061 since its 1989 amendment and based its decision on several federal cases interpreting state law, all of which uniformly held that the 1989 amendment to LSA-R.S. 23:1061 reinstated the once abandoned integral relation test set forth in Thibodaux v. Sun Oil, supra. According to this test, a statutory employer relationship exists when the contract work is an integral part of the trade, business, or occupation of the principal.
The trial court applied the integral relation test to the facts in the present case and concluded that Favron was a statutory employee of GSU, precluding recovery in tort.
In two recent decisions, appellate courts have applied the integral relation test in determining whether a principal was a statutory employer. In Moore v. Crystal Oil Company, 626 So.2d 792 (La.App. 2nd Cir. 1993), writ granted and judgment reversed, 93-3103 (La. 2/25/94); 632 So.2d 758, decided after the judgment in the instant case, the Second Circuit Court of Appeal affirmed the judgment of the trial court which granted a motion for summary judgment in favor of defendants sustaining the statutory employer defense. Crystal Oil was engaged in the business of producing oil and gas. Crystal Oil did not employ welders and contracted out its welding work. Crystal Oil contracted with Custom Tank and Welding, Inc. to perform welding in connection with the installation of a new compressor in one of Crystal Oil's fields. The purpose of this compressor was to receive natural gas via pipeline from five separate wells located a few miles away. The compressor would then boost or increase the pressure from the receiving point forward toward the sales point, where Crystal Oil's pipeline connected to that of its customer.
A welder employed by Custom Tank and Welding, Inc. was sent to Crystal Oil's field to perform the necessary welding. At the time of the accident, the employee was welding steel legs onto a rack that was to be used to hold a 55-gallon drum. This apparatus was to be attached directly to the compressor for the purpose of providing gravity-fed lubrication. Without such lubrication, the drive unit of the compressor would fail and become inoperable. While the welder was performing this operation, Crystal Oil employees were installing valves onto the primary gas line. One of the valves on the line ruptured, emitting gas distillate and vapor into the air. The welder was working 50 to 75 feet away from the ruptured valve. The gas vapor reached the welder, causing an explosion which severely burned the welder.
*987 The appellate court concluded that the trial court was correct in finding that the welding activities were an integral part of Crystal Oil's trade, business or occupation, embracing the integral relation test set forth in Thibodaux v. Sun Oil, supra.
However, the Louisiana Supreme Court reversed the appellate court's decision in Moore, stating that there were genuine issues of material fact as to whether the contract work was part of the principal's trade, business or occupation.
In Hanks v. Shell Oil Co., 93-737 (La.App. 5th Cir. 1/25/94); 631 So.2d 1189, writ granted and judgment set aside, 94-0483 (La. 4/4/94); 635 So.2d 1118, the Fifth Circuit Court of Appeal also affirmed the trial court's granting of defendant's motion for summary judgment. Shell Oil had contracted with Valley Systems, Inc. for the high pressure blast cleaning of tube bundles in its Norco facility. At the time of his injury, plaintiff was employed by Valley Systems, Inc. as a gunman/crew leader in training of an ultra hydro blasting crew sent to the Norco facility.
The Court noted that Hanks was cleaning "tube bundles" which was a part of Shell's routine maintenance when the accident occurred. The Court further stated that routine maintenance is essential to and is a part of Shell's trade, business, or occupation. Thus, Shell Oil was the statutory employer of Hanks and was immune from suit.
The Louisiana Supreme Court reversed the appellate court in the Hanks case, citing Moore v. Crystal Oil Company.
In the present case, we think that genuine issues of material fact exist as to whether the contract work for the inspection, maintenance, and repair of the turbine-generator was part of GSU's trade, business or occupation of producing electricity. The evidence clearly establishes that GSU had never done the work on the turbine-generator during previous refueling outages; that only a small number of companies in the entire United States can perform the work that Bechtel contracted to perform; and that the turbine-generator work was extraordinary and could only be performed during refueling outages. These factors, notwithstanding the applicability of the integral relation test to this case, give rise to issues of fact that are left unresolved. Therefore, we find that the trial court erred in granting summary judgment.

ASSIGNMENTS OF ERROR NUMBERS TWO AND THREE
Because we reverse as to assignment of error number one, a discussion of the issues presented in assignments of error numbers two and three are unnecessary.

CONCLUSION
For the foregoing reasons, the judgment of the trial court granting GSU's motion for summary judgment is reversed and the case is remanded to the trial court for further proceedings. Costs of this appeal are assessed to appellee, GSU.
REVERSED AND REMANDED.
FOIL, J., dissents. I would affirm the Trial Judge.
EDWARDS, J., dissents with reasons.
EDWARDS, Judge, dissents for the following reasons:
It is clear to me that in 1989 the legislature intended to override Berry and to make these types of cases comp only. There are no facts in this case left to explore. If the 1989 amendment means what it says, then the plaintiffs' suit is exclusively comp and not tort. This, to me, is a squabble between the legislature and the Supreme Court.
NOTES
[1] Plaintiffs named several other defendants in the petition but none of these defendants are a party to the present appeal.
[2] LSA-R.S. 23:1061 provides, in pertinent part, that:

A. When any person, in this Section referred to as the "principal", undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. The fact that work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal's direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal's trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.
[3] LSA-R.S. 23:1032 provides, in pertinent part, that:

A. (1)(a) The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity thereof or doctrine.
(2) For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of his injury, or which he had contracted to perform and contracts with any person for the execution thereof.