CALOGERO, Chief Justice,
concurring in denial of rehearing.
I join the majority in denying the application for rehearing, finding that relator offers no argument or authority in support of its position other than that which this Court has already considered and found wanting on original hearing. Relator simply reiterates its dual contentions that: (1) the plain language of the amended statute compels a result contrary to that reached by the majority and (2) whatever the deficiencies in the foregoing argument, the legislative intent in passing the amendment to LSA-RS 23:1061 was to abolish Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986) and its factors and reinstate the “integral relation” test of Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852 (1950).
Before addressing relator’s rehearing contentions in this concurrence, I feel that a brief overview of the law is warranted. Preceding Berry, the state of the law was perhaps not entirely clear with respect to statutory employer and the corresponding tort immunity. Nonetheless, the state of the law had come a long way from this Court’s decision in Thibodaux and its “integral relation” test. In fact, the jurisprudence had evolved to the point where statutory employer status was determined by the totality of the circumstances, considering factors such as the following: (1) whether the work was routine or customary, (2) whether the work was necessary for principal’s day-to-day operations, (3) whether the work, was general maintenance and repair, or (4) whether the work was extraordinary or nonrecurring construction or repairs. E.g., Lewis v. Exxon Corp., 441 So.2d 192 (La.1983) (on rehearing). Then, in Berry, this Court streamlined this totality of the circumstances approach and added two conclusive factors. Berry’s structured three-level analysis was as follows:
(1) First, the scope of contract work should be analyzed to determine if it is specialized or nonspecialized. If the work is specialized, then, as a matter of law, the principal is not a statutory employer.
(2) Second, if the contract work is non-speeialized, then the following non-exhaustive list of factors should be considered in a flexible, non-rigid manner to determine if the contract work falls within the principal’s trade, business or occupation:
(a) Is the work routine and customary?
(b) Is the work regular and predictable?
(c) Is the work general maintenance or repair?
(d) Does principal have the equipment and manpower capable of performing the contract work?
(e) What is the industry practice regarding this type of work?
(3) Third, determine whether the principal was itself engaged in the type of contract work at time of accident. If not, then the principal is not a statutory employer.
Berry, 488 So.2d 934, 937-39 (La.1986). Thus, under Berry, the majority retained a “totality of the circumstances” approach as illustrated in level two above, but established two conclusive factors at levels one and three — (1) whether the work is specialized or nonspecialized and (2) whether the principal itself was at the time engaged in the type of contract work — either of which alone would prevent a principal from achieving statutory employer status. It was against this backdrop that the legislature amended LSA-RS 23:1061 and various other provisions of the Worker’s Compensation Law in 1989. See 1989 La. Acts 454, § 2. Specifically, the legislature amended LSA-RS 23:1061 to include the following language, which tracks some of the language in Berry:
*891 The fact that work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal’s direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal’s trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.
La.Rev.Stat.ANN. § 23:1061 (West Supp. 1996).
Turning now to the arguments presented in the rehearing application herein, relator first contends that the plain language of LSA-RS 23:1061, as amended, broadened the scope and availability of the statutory employer defense and returned the law to Thibodaux v. Sun Oil Co. While the so-called “plain” language of the statute did indeed retreat from Berry, the consequence was not to reinstate an integral relation test. The effect of the amending language was correctly set forth in the majority opinion:
The language of 1989 amendment [of LSA-RS 23:1061] ... does not support [relator’s] interpretation. The Legislature merely stated that the presence of one or more of the factors enumerated in Berry “shall not prevent the work undertaken by the principal from being considered part of the principal’s trade, business, or occupation. ...” This language, although clearly a direct attack on Berry, does not “mean that those factors are not to be considered; rather, it appears to mean that no single factor (such as specialized versus nonspe-cialized work) may be used to defeat the defense of immunity raised by the principal.” H. Alston Johnson, III, Workers Compensation, 50 Laí.Rev. 391, 397 (1989).
Kirkland v. Riverwood Int’l USA, 95-1830, p. 13 (La. 9/13/96), 681 So.2d 329. Thus, contrary to applicant’s contentions, the language of the amended statute does nothing more than state that the mere presence of one or more Berry factors is not conclusive as to whether the principal is a statutory employer. It does not address what the standard is or should thereafter be.
Relator’s contention that the legislature intended to return to the integral relation test established in Thibodaux by its amendment to LSA-RS 23:1061 is also unconvincing. If that were the intention, why did not the statutory amendment say so?
Legislative intent is, more often than not, an elusive concept. In this case, the legislative intent of the 1989 amendment is not evident from the language of the statute, except for its doing away with Berry’s dis-positive effect of the following factors: (1) whether the work is specialized or nonspe-eialized and (2) whether the principal itself was at the time engaged in the very type of work, which in a given instance it has contracted out.
The best indicator of the legislative intent behind the 1989 amendment is what the legislature actually did and did not do. What the legislature did was to amend LSA-RS 23:1061 to prevent any single factor from determining statutory employer status. What the legislature did not do was signify a return to the integral relation test. There is absolutely no language in the amendment that suggests that the legislature intended to do away with pr e-Berry jurisprudence and retreat to the law as it existed in the 1950 ease of Thibodaux v. Sun Oil Co.
It is for these reasons that the majority was correct in concluding that the consequence of the legislature’s amending LSA-RS 23:1061 was merely to return the state of the law to its pre-Berry posture, the totality of the circumstances approach from Lewis v. Exxon and similar post-Thibodaux cases.[1]

. Interestingly, the Act, as originally introduced, included the Berry language in two statutory provisions: LSA-RS 23:1032 and LSA-RS 23:1061. H.R. 1431, Reg.Sess. (May 1, 1989) (as originally introduced). LSA-RS 23:1032 deals with tort immunity, and LSA-RS 23:1061 deals with the *892 liability of principals. However, the Berry language was permanently deleted from the proposed amendment to LSA-RS 23:1032 on May 26, 1989, before the bill passed out of committee. H.R. 1431, Reg.Sess. (May 30, 1989) (as ordered engrossed). Even if the relevant language had been included in LSA-RS 23:1032 — the most relevant provision with respect to tort immunity— when the Act was passed, it would stiE faU short of exhibiting an intent on the part of the legislature to return to the integral relation test.