LABORDE, Judge.
In this tort suit, plaintiff, Alvin J. Calais sued Exxon Pipeline Company and one of its employees, Dale Cooper, seeking to recover damages for personal injuries he sustained when he was loading pipe from a pipe rack onto a trailer. Exxon and Cooper filed a motion for summary judgment claiming to be immune from tort liability pursuant to Louisiana Worker’s Compensation Law. The trial court granted Exxon’s and Cooper’s motion for summary judgment and dismissed Calais’ suit. Calais appeals. We affirm.
The sole issue presented is whether the work performed by Calais was part of Exxon’s trade, business or occupation.
On July 7, 1980, Joseph Calais was employed by Crawfish Construction Company. Crawfish had entered into a contract with Exxon whereby it agreed to provide labor and equipment for the performance of construction work and other work as may be required from time to time by Exxon.
On July 7,1980, Calais transported a load of pipe from an Exxon field to Exxon’s station in New Iberia. After unloading the trailer, Calais assisted Exxon’s area supervisor, Dale Cooper, in loading one section of six inch (6") pipe onto the trailer. Calais then followed Cooper to the farm of a local landowner where the section of pipe was delivered.
On March 18,1981, Calais filed a Petition for Damages naming Exxon and Cooper as defendants therein. Calais alleges that *323 during the course of loading this six inch section of pipe, which weighed approximately 400 pounds, he sustained injuries to his lower back, abdomen and legs.
After filing an answer to Calais’ petition, Exxon and Cooper filed a motion for summary judgment contending that Exxon was the statutory employer of Calais pursuant to LSA-R.S. 23:1061 and as such was immune from tort liability under LSA-R.S. 23:1032. The trial court considered the exhibits, supporting affidavits and depositions filed in the case and rendered judgment in favor of Exxon and Cooper.
LSA-R.S. 23:1061 provides the criteria for determining whether or not a principal contractor is a statutory employer. LSA-R.S. 23:1061 provides:
Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him;
If Exxon is a principal within the provisions of this section then the exclusive remedy provision of LSA-R.S. 23:1032 which reads as follows will be applicable:
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word “principal” shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
In order fór R.S. 23:1061 to be applicable, four essential elements must be present. These elements are:
(1) The relationship of principal-contractor must exist.
(2) There must be a contract between the principal and contractor for the execution by the contractor of the whole or any part of the work being undertaken by the principal.
(3) The “work” which is the subject of the contract must be part of the principal’s trade business or occupation.
(4) The injured employee must be engaged in the execution of the “work” as described above.
LSA-R.S. 23:1061; Vincent v. Ryder Enterprises, Inc., 352 So.2d 1061 (La.App. 3rd Cir.1977); Lewis v. Exxon Corp., 417 So.2d 1292 (La.App. 1st Cir.1982).
Calais disputes only the existence of the third requirement. He contends that there is a genuine issue of material fact as to whether or not the work he was performing at the time of his injury was part of Exxon’s trade, business or occupation. Therefore, Calais argues that the trial court erred in granting summary judgment in favor of Exxon and Cooper.
In order to determine whether or not Calais’ activity was a part of “the regular trade, business, or occupation” of Exxon, we find that the following two tests cited in Moses v. Vulcan Materials Company, 388 So.2d 117 (La.App. 1st Cir.1980); writ denied 392 So.2d 1058 (La.1980), and relied on by us in Benson v. Seagraves, 421 So.2d 995 (La.App. 3rd Cir.1982) are determinative:
“(1) Whether the work which the employee is performing is part of the trade, business or occupation of the principal and is a necessary or an essential part of the principal’s business, and/or (2) wheth *324 er the work was the type • customarily done by the principal or other employers similarly situated.”
The record establishes that the loading and unloading of pipe is an essential arid necessary part of Exxon’s business. In maintaining its pipelines, Exxon’s personnel are called upon to replace or repair pipe in the pipeline system. Therefore, it becomes necessary that new pipe be loaded and transported from Exxon’s station in New Iberia to the particular pipeline sites. Old or junk pipe is then removed, loaded and transported back to the Exxon station to be disposed of by various methods. Clearly it is shown that the loading and unloading of pipe is an essential and necessary part of Exxon’s business.
The record also establishes that the loading and unloading of pipe is normally performed by Exxon employees. The affidavits and depositions of Harry Harvey, a pipeline foreman employed by Exxon for thirty-six years, Tommy Fulkerson, a pipe-liner employed by Exxon for nine years, and John Holguin, a field gauger and former pipeliner employed by Exxon for nine years, clearly show that the loading and unloading of pipe is an ordinary or daily activity for an Exxon pipeliner. In fact, on the day Calais was allegedly injured, Cooper, an Exxon employee, was assisting in the loading of the section of pipe.
We conclude that the record shows that there is no genuine issue as to material fact that the work being performed by Calais at the time of his alleged injury was part of the trade, business or occupation of Exxon Pipeline Company. Thus, Exxon is entitled to judgment as a matter of law recognizing it as Calais’ statutory employer under LSA-R.S. 23:1061. Accordingly, Exxon falls within the exclusive. remedy provision of LSA-R.S. 23:1032.
We further conclude that Dale Cooper, as a statutory co-employee, is also entitled to avail himself of the exclusive remedy provision of R.S. 23:1032. Therefore, he is entitled to judgment as a matter of law.
For the foregoing reasons the judgment of the lower court is affirmed at Alvin Joseph Calais’ costs.
AFFIRMED.