459 So.2d 737 (1984)
Frank R. POIRRIER
v.
CAJUN INSULATION, INC. a/k/a the Cajun Company and Louisiana Power and Light Company.
Nos. CA-1848, CA-1895.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1984.
*738 Raymond A. Milly, Metairie, for plaintiff-appellant.
Monroe & Lemann, Andrew P. Carter, Eugene G. Taggart, John H. Turner, Jr., New Orleans, for defendant-appellee.
Before CIACCIO, LOBRANO and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Frank R. Poirrier, an employee of Lou-Con Inc., ("Lou-Con") brought a tort suit for damages against Louisiana Power and Light Company ("LP&L"). LP & L contracted with Lou-Con to perform certain work on the LP & L plant at Nine Mile Point in Westwego, Louisiana. LP & L moved for summary judgment and the trial court granted that motion. Plaintiff appeals. We affirm.
In his petition plaintiff alleges that on March 23, 1983 he was working on a preheating wheel at the Nine Mile Point Plant. As plaintiff was descending from a boiler, a ladder turned, causing him to fall to the ground sustaining injuries.
Plaintiff's first claim is that LP & L was not entitled to summary judgment, because it failed to show that there was no genuine issue as to material facts entitling it to judgment as a matter of law. LSA-C.C.P. Art. 966.
Under the Louisiana workers compensation scheme some employers of contractors *739 are called principals. Such principals are subject to the compensation claims of their contractor's employees. These provisions come into operation only when the work let by contract is a part of the principal's trade, business, or occupation. LSA-R.S. 23:1032 and 1061. Principals who are covered by these provisions are known as statutory employers. See Barnes v. Sun Oil Co., 362 So.2d 761 (La. 1978); W. Malone & H. Johnson, Workers Compensation at 121 (La.Civ.L. Treatise vol. 13 1980).
"[I]n order for a principal to be considered a statutory employer ... the `work' must be a part of the principal's `trade business or occupation.'" Lewis v. Exxon Corporation, 441 So.2d 192 at 197 (La. 1983), on remand, 451 So.2d 24 (1984). In Lewis, at p. 198, the Court stated:
Courts must look to the facts of each individual case to determine whether a particular activity is within the scope of a principal's trade business or occupation, it must be routine or customary, ... or some other type of activity which is necessary for the principal's day-to-day operations. Put another way, the works contemplated by the statute are those activities which are an actual part of the nature and purpose of the principal's enterprise... In addition to the regularity or predictability of the activity, it is also important to determine whether the employer normally is equipped to handle such projects both as to manpower and equipment... General maintenance and repair work which by their nature allow the smooth and continued operations of the principal, are within the scope of the statute. (Emphasis supplied.)
In support of its motion for summary judgment LP & L submitted the following evidence: The affidavit of Randy Dufour, maintenance superintendent for LP & L, indicating that pursuant to a purchase order between LP & L and Lou-Con, at the time of the alleged accident plaintiff was performing maintenance and repair work on a boiler at the plant, and that LP & L had employees on its payroll who were capable of performing the same work that plaintiff was performing; an LP & L purchase order for the work plaintiff was engaged in at the time of the accident stating, "this order is being issued for a one-year period effective October 15, 1982 to cover miscellaneous work as required at the locations indicated above to repair boiler and/or piping"; a copy of the LP & L contract with Lou-Con; a copy of the Lou-Con Time Sheet for the date of the accident; a copy of LP & L's articles of incorporation, which state that the objects and purposes of LP & L are "to acquire ... construct, build, install, equip, improve, use, operate, maintain and work upon any and all kinds of plants and systems for the manufacture, production, generation ... of electricity".
The record supports the summary judgment in favor of LP & L. The affidavit, purchase order, time sheet, and articles of incorporation show that when he was injured plaintiff was working at the LP & L plant pursuant to the contract between LP & L and Lou-Con, and that the boiler repairs in which he was engaged are a "routine", "customary" and "necessary" part of LP & L's business. The evidence presented in support of the summary judgment also shows that LP & L was normally equipped to handle boiler repair work. The work plaintiff was engaged in was general maintenance and repair work, which by its nature allows the smooth and continued operation of LP & L. Klohn v. Louisiana Power & Light Company, 394 So.2d 636 (La.App. 1st Cir.1980), writ den., 399 So.2d 612 (La.1981), see also Redler v. Louisiana Power & Light Company, Inc., 383 So.2d 409 (La.App. 4th Cir.1980).
Plaintiff also claims that LP & L cannot be considered a statutory employer because he was not engaged in manual labor. Plaintiff asserts that because he is an experienced boilermaker and a code certified welder, and he was practicing his craft at the time of the accident that he was engaged in skilled labor, not manual labor.
*740 In order to resolve this issue we must look to the statute. LSA-R.S. 23:1021[1] clearly requires the court to look to the totality of the work the contractor is performing under the contract, not the individual worker's job. The work order under which the plaintiff was employed specified that the contractor was to be engaged in repairing boilers and piping.
In Timberlake v. Avis Rent A Car System, 361 So.2d 934 at 935 (La.App. 4th Cir.1978) this court stated:
We refer to the case of Welch v. Newport Industries, Inc., 86 So.2d 704 (La. App.1956) wherein the court, in applying the term "manual labor" to the Workmen's Compensation Law stated at page 707: * * * but the true legal meaning of the term "manual labor" is to denote work in which the physical element predominates over the mental, see 26 Words and Phrases, Verbo Manual Labor, p. 603. For purposes of determining compensation coverage, the distinguishing feature is whether the workingman participates physically himself, rather thanso to speakaloofly directs in clean Sunday clothes.
Clearly in repairing boilers and piping "the physical element predominates over the mental." Accordingly we find that Lou-Con contracted with LP & L to perform manual labor.
Even though Lou-Con may be an independent contractor, in accordance with its contract with LP & L sufficient manual labor was performed so as to make LP & L a statutory employer, thus limiting plaintiff's remedy to workmen's compensation.
For the foregoing reasons the trial court's grant of the motion for summary judgment is affirmed. Appellant is assessed all costs of this appeal.
AFFIRMED.
NOTES
[1] LSA-R.S. 23:1021(6) specifies that only independent contractors who spend a substantial amount of work time in manual labor are covered under the workers compensation provisions. That portion of the statute reads as follows:

(6) "Independent contractor" means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.