661 So.2d 173 (1995)
Thomas Dewayne RODGERS, Individually and as the Administrator of the Estate of His Minor Children, Thomas Brandon Rodgers and Jayne Douglas Rodgers, and Donna David Rodgers
v.
JAMES RIVER II, INC. and/or James River Corporation of Virginia and ABC Insurance Company.
No. 94-CA-1807.
Court of Appeal of Louisiana, Fourth Circuit.
September 28, 1995.
*174 Julie M. Brown and John W. deGravelles, deGravelles, Palmintier & Holthaus, Baton Rouge, for Plaintiffs/Appellants.
G. Dwayne Maricle, Lenfant & Associates, Metairie, for Defendants/Appellees.
Before CIACCIO, ARMSTRONG and LANDRIEU, JJ.
LANDRIEU, Judge.
This action arises out of injuries sustained by Thomas Rodgers on the premises of the James River II, Inc., paper plant in St. Francisville, Louisiana, when he allegedly slipped on a stairwell covered with grease and degreasing agents. At the time of the accident, Rodgers was employed by Thermo-Tech, Inc., which by contract was involved in the removal and replacement of asbestos insulation at the plant. Rodgers filed suit in tort against James River II, Inc. and/or James River Corporation of Virginia (James River), maintaining that the company failed to properly maintain its stairwells and passageways.
James River moved for summary judgment, asserting that in accordance with La. Rev.Stat.Ann. 23:1061 (West 1995), as amended in 1989 and effective January 1, 1990, Rodgers was its statutory employee and, as such, limited to worker's compensation remedies. That statute provides:
A. When any person, in this Section referred to as the "principal", undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. The fact that the work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal's direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal's trade, business or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work. (portion added by amendment emphasized).
In support of its motion, the defendant submitted the affidavit of its maintenance foreman stating that "each and every heater at the James River facility is encased in insulation-type products as it is necessary to both ensure that the heaters are maintained at a constant temperature and that objects located adjacent to the heaters are not affect by the tremendous heat; [t]hat without proper insulation severe energy loss would occur; [t]hat the insulation work which was being done by Thermo-Tech was an integral part of the paper making process and essential to *175 the business operation of James River Corporation".
In opposition, Rodgers submitted an affidavit stating that the asbestos abatement project at the James River facility "was not in the nature of a `repair' or `routine maintenance' but was rather a one-time, long-term project to replace asbestos insulation with non-asbestos insulation"; that no James Rivers employees were engaged in the project; that James Rivers did not have equipment for the project; and that the project was not part of the plant's trade, business or occupation. In his opposition memoranda, he argued that the Berry factors for consideration of statutory employer status were still effective, that the Legislature amended the wrong statute, and that as amended, La.Rev.Stat. 23:1061 is unconstitutionally vague and ambiguous.
The trial court found, however, that the statute as amended was straightforward. Accordingly, based on his finding that the removal of asbestos material from the plant "in this day and age can only be considered as trying to provide a better work environment for the employees of the defendant" and that "[t]his in itself is sufficient to find that it is within the trade, business or occupation of the defendant", the trial court granted summary judgment in favor of the defendant.
Rodgers appeals, arguing that he is not a statutory employee of the James River Corporation of Virginia and asserting several assignments of error. Primarily, he contends that the trial court used the wrong standard in determining his status as a statutory employee of James River II. He contends that the factors set forth in Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986) to determine the status of a statutory employee are still in effect and that the 1989 amendment must be narrowly construed in order to leave the Berry criteria in place. This contention is directly contrary to the decisions of this Circuit which recognize that Berry was legislatively overruled by the 1989 amendment.[1]Forchia v. Browning-Farris Industries, 93-0568 (La.App. 4 Cir. 11/30/94), 629 So.2d 1238, 1239; Berry v. Brown & Root, Inc., 595 So.2d 767, 769, n. 1 (La.App. 4 Cir.1992); Bourgeois v. Puerto Rican Marine Manage., 589 So.2d 1226, 1231, n. 1 (La.App. 4 Cir.1991); see also Harris v. Murphy Oil, U.S.A., Inc., 980 F.2d 991 (5th Cir.1992).
Rodgers contends that interpreting the amendment to overrule Berry leaves the Louisiana courts without a test for determining statutory employment status. By supplemental brief, Rodgers urges this Court to adopt the reasoning of the 2nd Circuit in Kirkland v. Riverwood International USA, Inc., 26,741 (La.App. 2 Cir. 6/21/95), 658 So.2d 715. In Kirkland, a panel of the 2nd Circuit reasoned that, although the 1989 amendment was clearly designed to dispense with the rigid Berry test, it was not intended to dispense with the fact-based inquiry employed immediately prior to the Berry decision. Under this analysis, the 2nd Circuit adopted a "totality of the circumstances" approach in which the factors to be considered in making a trade, business or occupation determination are (1) whether the work was specialized or non-specialized; (2) whether the contract work was routine, customary, ordinary or unusual; (3) whether the defendant customarily has his own employees perform the work; (4) whether the defendant has the equipment and personnel capable of performing the contract work; (5) whether industry participants normally contract out this type of work; and (6) whether the defendant was engaged in the contract work at the time of the incident. In other words, while conceding that Berry was legislatively overruled, the Second Circuit resuscitates the cumulative caselaw underlying Berry and reinstates as determinative the very factors which the amendment states "shall not prevent the work undertaken by the principal from being considered part of the principal's trade, business, or occupation."[2]
*176 To decide the matter before us, however, it is not necessary to articulate a standard against which all statutory employment will be measured in the future, nor is it clear that such an endeavor is desirable or possible.[3] It is sufficient to conclude that the uncontested facts of this case entitle Rodgers to workers compensation benefits from the defendant under La.Rev.Stat. 23:1061. Rodgers was injured at defendant's plant while in the course and scope of his employment under a contract between his employer and the defendant. The scope of the work undertaken by Rodgers' employer and the work performed by Rodgers was directly related to and instrumental in the operation of defendant's business. Accordingly, after reviewing the matter de novo, we agree with the trial judge's conclusion that Rodgers was a statutory employee of the defendant.
Rodgers also argues that the 1989 Amendment itself is unconstitutionally vague and should be declared void. Additionally, he claims that La.Rev.Stats.Ann. 23:1061 and 23:1032 (West 1986), are unconstitutional because they deny plaintiff and all workers in his situation equal access to the courts, equal protection, and due process under the law.
Although there is no single procedure or type of proceeding for challenging the constitutionality of a statute, the longstanding jurisprudential rule is that the statute must first be questioned in the trial court and the unconstitutionality of the statute must be specifically pleaded. Vallo v. Gayle Oil Co., Inc., 94-1238 (La. 11/30/94), 646 So.2d 859, 864-65 (citations omitted). Accordingly, the unconstitutionality of a statute must be specifically pleaded in a petition, an exception, a motion, or answer and "cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings." Id. at 865. Moreover, although the attorney general is not an indispensable party, he should be served a copy of the pleading which contests the constitutionality of a statute. Id. at 864.
Applying these legal precepts, the issue of the constitutionality of the statutes challenged by Rodgers is not in the proper posture for this Court's review. First, Rodgers raised the issue of unconstitutionality of the statutes in his opposition to the defendant's motion for summary judgment and not in a pleading.[4] Therefore, the trial court should not have considered the issue. In addition, Rodgers did not serve or notify the Attorney General of the challenge to the constitutionality of the statute so that the Attorney General could elect whether or not to exercise his statutory right to represent the State's interests in the proceeding. La.Rev.Stat.Ann. 49:257(B) (West Supp.1995).
For the foregoing reasons, we affirm the ruling of the trial court granting defendant's Motion For Summary Judgment.
AFFIRMED.
NOTES
[1] The Louisiana Supreme Court implicitly approved the "jurisprudence regarding the amendment overruling Berry" in St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809, 821-22 (La. 1992).
[2] We also note that Kirkland is apparently contrary to 2nd Circuit precedent. Another panel of that Court declared that the factors enunciated in Berry were no longer the appropriate test for determining whether a statutory employment relationship exists and that the "current criteria for making such a determination is the `integral relation' test of Thibodaux v. Sun Oil Company, 218 La. 453, 49 So.2d 852 (La.1950)." Moore v. Crystal Oil Co., 626 So.2d 792 (La.App. 2 Cir. 1993), rev'd and remanded on factual grounds, 93-3103 (La. 2/25/95), 632 So.2d 758.
[3] We recognize, however, that another panel of this Court may have adopted the integral relation test as the proper method to determine a statutory employer relationship. In that case, the Court noted that Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852 (1950) (which is normally cited as authority for that test) was not based on § 1061 but rather looked to "Section 6, paragraph 1 of the Worker's Compensation Statute." Vickers v. Cajun Concrete Services, 93-1537 (La.App. 4 Cir. 3/15/94) 634 So.2d 68, 72. Without explicitly stating the basis of its decision, the Vickers panel agreed with the conclusion of the trial court in granting summary judgment, adding "[t]he hauling of concrete is an integral part of the nature and purpose of the construction company whose business involves the building of parking lots."

Although it could be inferred from this that an integral relation test independent of Thibodaux has been established, it is not clear. Moreover, it appears from the statutory history that § 6 of the Worker's Compensation Act referred to in the Thibodaux case is the predecessor of § 1061.
[4] Rodgers could have raised the issue of unconstitutionality by obtaining leave of court to file a supplemental and amending petition or by filing a motion for summary judgment or a motion in limine.