h STEWART, Judge.
This appeal arises from a lower court ruling granting summary judgment. Defendant, Wal-Mart Stores, Inc., moved for summary judgment, arguing that it was the statutory employer of plaintiff, Jay Griffin, thereby immunizing it from Griffin’s tort claim. Griffin countered that he worked for Gourmet Packing Company, not Wal-Mart, and had a viable tort suit pending against Wal-Mart. The trial court held that Wal-Mart was Griffin’s statutory employer, concluded that there were no genuine issues of material fact, and granted Wal-Mart’s motion. Griffin appeals.
Facts
On July 16, 1992, Jay Griffin allegedly slipped and fell in a puddle of water inside the produce cooler at Sam’s Wholesale Club (Sam’s) in Shreveport, Louisiana. Griffin was produce manager at the time and was within the course and scope of his employment when he fell.
Sam’s operates as a division of Wal-Mart Stores, Inc., (Wal-Mart). To meet the store’s produce needs, Sam’s contracted with Gourmet Packing Company (Gourmet) to provide produce, personnel, and services. The licensing agreement between the two parties provides that Gourmet must supply its own merchandise, fixtures, and sundries; however, all fixtures must look as if they are a part of Sam’s. Gourmet pays rent to Sam’s in the amount of ten percent of the sales price. Pursuant to the agreement, Gourmet hired Griffin as produce manager.
Following his alleged injury in the produce cooler, Griffin filed suit in Caddo District Court against, among others, Wal-Mart, Stores, Inc. In his petition for damages, Griffin alleges that Wal-Mart is liable for damages under either a negligence theory or strict liability.
Wal-Mart filed a Motion for Summary Judgment, arguing that it was Griffin’s statutory employer. The court held that there were no genuine issues of material |¿fact and that Wal-Mart was entitled to judgment as a matter of law. In reaching this conclusion, the court stated:
Based upon the evidence presented in support of and in opposition to the defendant’s motion, it appears that the relevant facts are clear and undisputed. There is no question that Wal-Mart is in the business of selling merchandise to its club members, part of that merchandise being produce from the department in which the plaintiff was employed. In this case, Wal-Mart had contracted with Gourmet to supply the produce in that department, and the plaintiff was injured while performing work pursuant to Gourmet’s licensing agreement with Wal-Mart. And finally, the plaintiffs work was a part of Wal-Mart’s business. Based on the record presented, Wal-Mart was the statutory employer of the plaintiff at the time of the accident which is the subject of these proceedings.
The motion was, therefore, granted. It is from this ruling that Griffin now appeals. For the following reasons, we reverse the lower court’s ruling and remand the case for further proceedings.
STANDARD OF REVIEW
Appellate courts review summary judgments de novo, using the same criteria applied by the trial court in determining whether summary judgment is appropriate. Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992). A motion for summary judgment is appropriately granted only when the pleadings, depositions, answers to interrogatories, admissions on file and affidavits, in any, show that there is no genuine issue as to a material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P.
*1044 Art. 966. In determining whether all material issues have in fact been disposed of, any reasonable doubt is to be resolved against the granting of summary judgment and in favor of a trial on the merits. Penalber v. Blount, 550 So.2d 577 (La.1989).
The mover bears the burden of establishing that there are no genuine issues of material fact. A fact is material if its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Facts are material _Jjif they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. Penalber, supra. Materiality is also a relative concept defined and circumscribed by the substantive law applicable to the case.
Law
The Louisiana Worker’s Compensation Act defines a “principal” as an employer who contracts with another to have the contractor perform work that is a part of the employer’s trade, business or occupation. LSA-R.S. 23:1032. The principal, also referred to as a “statutory employer,” is liable for payment of worker’s compensation benefits to the contractor’s employees. LSA-R.S. 23:1061. In exchange, the principal is granted tort immunity from actions brought by statutory employees for work-related injuries. LSA-R.S. 23:1032. Since the doctrine’s inception, Louisiana courts have grappled with formulating a satisfying test for determining whether the work performed by an employee is part of the principal’s trade, business or occupation. Unfortunately, that question plagues us still.
In 1950, our Supreme Court established the “integral relation” test in Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852 (La.1950). The integral relation test questions whether the injured employee was hurt while
... performing services in connection with work which was part of the business, trade or occupation of [the principal], or so closely related thereto as to become an integral part thereof.

Thibodaux v. Sun Oil Co., supra.

When subsequent courts applied the integral relation test, it was discovered that almost everything could be said to be integrally related to the principal’s trade, business or occupation. Cf. Slocum v. Lamartiniere, 369 So.2d 201 (La.App. 3d Cir., 1979), writ denied, 372 So.2d 569 (La.1979). Apparently unhappy with the Rresults yielded by the integral relation test, the Supreme Court in Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986) reformulated and restricted the test for determining statutory employment. The following criteria was developed as a result of the Berry decision:
(1) Is the contract work specialized? Specialized work is, as a matter of law, not a part of the principal’s trade, business or occupation, and the principal is not the statutory employer of the specialized contractor’s employees.
(2) Where the contract work is not specialized, the court must compare the contract work with the principal’s trade, business or occupation. At this level the court should make the following inquires:
(i) Is the contract work routine and customary? Is it regular and predictable?
(ii) Does the principal have the equipment and personnel capable of performing the work?
(iii) What is the practice of the industry? Do industry participants normally contract out this type of work or do they have their own employees perform the work?
(3) Was the principal engaged in the work at the time of the alleged accident?
Berry v. Holston Well Service, Inc., supra at 938.
The Berry factors were applied rigidly and mechanically without due regard to other facts and circumstances which may have been relevant in certain cases. Kirkland v. Riverwood International, USA, Inc., 26,741 (La.App.2d Cir. 06/21/95), 658 So.2d 715 (Hightower, Lindsay, JJ., dissenting), citing Bourgeois v. Puerto Rican Marine Management, Inc., 589 So.2d 1226 (La.App. 4th Cir.1991), writ denied, 592 So.2d 1299 (La.1992); Fontana v. Hibernia National Bank, 568 So.2d 569 (La.App. 4th Cir.1990); Ardoin v. BASF Wyandotte Corp., 525 So.2d 684 (La.App. 1st Cir.1988); Chauvin v. Gulf Coast *1045 Minerals, Inc., 509 So.2d 622 (La.App. 3d Cir.1987), writ denied, 512 So.2d 1175 (La.1987). Consequently, the legislature amended LSA-R.S. 23:1061 in 1989, which now provides, in addition |sto proclaiming the principal’s liability for work-related injury befalling statutory employees:
The fact that work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal’s direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal’s trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.
Courts have interpreted the amendment as a denunciation of the Berry factors. Cf. Carter v. Chevron Chemical Co., 593 So.2d 942 (La.App. 4th Cir.1992), writ denied, 596 So.2d 211 (La.1992); Frith v. American Motorists Insurance Co., 613 So.2d 249 (La.App. 1st Cir.1992), writ denied, 617 So.2d 932 (La.1993); Hutchins v. Hill Petroleum Co., 609 So.2d 312 (La.App. 3d Cir.1992).
In Moore v. Crystal Oil Co., 626 So.2d 792 (La.App.2d Cir.1993) (Brown, J. dissenting), an appeal from the lower court’s granting of a motion for summary judgment, this court specifically stated that, because of legislative mandate, the Berry factors were no longer an appropriate method of determining the presence of statutory employment. Instead, we held that we were required to return to the integral relation test of Thibodaux v. Sun Oil Co., supra. Other courts, in ruling on summary judgment appeals, followed our directive. Picard v. Zeit Exploration Co., Inc., 92-2242 (La.App. 1st Cir. 03/11/94), 636 So.2d 922; Vickers v. Cajun Concrete Services, Inc., 93-1537 (La.App. 4th Cir. 03/15/94), 634 So.2d 68; Hanks v. Shell Oil Co., 94-737 (La.App. 5th Cir. 01/25/94), 631 So.2d 1189. However, the Louisiana Supreme Court summarily reversed and remanded Moore v. Crystal Oil Co., and its progeny. Picard v. Zeit Exploration Co., Inc., 94-1555 (La. 09/30/94), 642 So.2d 862, rehearing denied, 94-1555 (La. 11/04/94), 644 So.2d 1066; Vickers v. Cajun Concrete Services, Inc., 94-0930 (La. 06/03/94), 637 So.2d 487; Hanks v. Shell Oil Co., 94-0483 (La. 04/04/94), 635 So.2d 1118; Moore v. |6Crystal Oil Co., 93-3103 (La. 02/25/94), 632 So.2d 758, rehearing denied, 93-3103 (La. 03/25/94), 635 So.2d 229.
These summary reversals provide us with little guidance as to what test we are required to use to determine statutory employment. Recently, this court, in Kirkland v. Riverwood International, USA, Inc., supra, concluded that one of the purposes of the amendment to LSA-R.S. 23:1061 was to return the law to pr e-Berry standards, hence, the legislative intent was not to revert all the way back to the integral relation test of Thibodaux. The court reasoned that the amendment y?as “designed to dispense with the rigid test announced in Berry-[and] return to the pr e-Berry analysis of the total circumstances of each particular ease.”
Employing a totality of the circumstances analysis requires considering Berrylike factors, but not allowing the presence or absence of any one factor to be determinative. Kirkland, supra. See also Rowe v. Northwestern National Insurance Co., 471 So.2d 226 (La.1985); Butler v. Home Insurance Co., 448 So.2d 801 (La.App.2d Cir.1984), writ denied, 450 So.2d 954 (La.1984), reversed in part by Berry v. Holston Well Service, Inc., supra at 939, n. 4. Among the factors to be considered in determining whether a statutory employment relationship exists are:
(1) Whether the work was specialized or non-specialized;
(2) Whether the contract work was routine, customary, ordinary or unusual;
(3) Whether the defendant customarily had his own employees perform the work;
(4) Whether the defendant had the equipment and personnel capable of performing the contract work;
(5) The practice in the industry; vis-a-vis, whether the industry participants normally contract out this type of work or whether they have their own employees perform the work; and
(6) Whether the defendant engaged in the contract work at the time of the incident.
*1046 _[7Kirkland, supra. Because we lack direct guidance from the Supreme Court or the legislature as to what test we are to apply, we will consider the totality of the circumstances to be the appropriate standard.
Discussion
Because of the confusion regarding the appropriate test for determining statutory employment, it was not until Wal-Mart filed a supplemental brief post oral argument that it addressed the totality of the circumstances test. The record supports Wal-Mart’s position concerning several factors. First, we can tell from the record that Griffin’s duties as produce manager are routine and customary work. The record also shows that Sam’s has employees of its own who man coolers and freezers in other parts of the store. Third, there is no question that Wal-Mart was engaged in its contract work with Gourmet at the time of Griffin’s alleged accident.
Knowing all of this and recognizing that the presence or absence of any one factor is not dispositive, we are still left to ponder certain key points. Wal-Mart’s showing does not adequately address all of the factual concerns spelled out above. We do not know from the record what the industry practice is with regard to licensing agreements with outside vendors. Wal-Mart concedes that the record is without reference to industry standards. Moreover, the record is silent as to whether Wal-Mart has the equipment and personnel capable of handling the produce department. While we could make reasonable guesses in response to these questions, we do not have the definitive answers, leaving genuine issues of material fact in dispute, thereby precluding summary judgment.
Conclusion
Based upon the facts and circumstances of this case, we find that the trial court erred in concluding that there were no genuine issues of material fact in dispute ^regarding Wal-Mart’s status as a statutory employer. The pleadings, depositions, and affidavits relied upon by Wal-Mart fail to show that summary judgment is appropriate when the facts are considered in light to the totality of the circumstances. The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this judgment. Costs of the appeal are assessed to Wal-Mart.
REVERSED AND REMANDED.
APPLICATION FOR REHEARING
Before NORRIS, HIGHTOWER, WILLIAMS, STEWART and GASKINS, JJ.
Rehearing denied.